EARLY W. THRASHER, plaintiff in error, *vs.* BARTON H. OVERBY *et al.*, defendants in error.

51   91
114  556

1. When a bill was filed to enforce an award, and the defendant set up that the award was the result of a mistake on the part of the arbitrators, setting out in his answer the evidence introduced at the hearing, and the plaintiff replied that there was other evidence before the arbitrators:

*Held*, that whether such evidence was in fact before the arbitrators, was a question of fact for the jury.

2. If, upon an examination of a brief of the evidence upon which an award is founded, and upon a hearing of the testimony of the arbitrators, it appears that the award is founded upon a mistake upon a material point, as that a certain item of an account has been twice charged against one of the parties, the award should be set aside and the jury proceed to decree as to the real rights of the parties.

Award. Evidence. Jury. Practice in the Superior Court. Before Judge BARTLETT. Morgan Superior Court. September Adjourned Term, 1873.

This is the second time this case has been before the supreme court: See 47 *Georgia Reports*, 10.

Barton H. and Nicholas Overby filed their bill against Early W. Thrasher for the specific performance of an award, alleged to have been rendered upon an arbitration between them. The defendant pleaded, as objections to the decree prayed for, that the award was contrary to the evidence, fraud in one of the arbitrators, and mistake in all, setting forth what he claimed to be was all the evidence produced. Upon reading this testimony, he moved the court to set aside the award, upon the ground that it was contrary to the evidence. Complainants insisted that there were two pieces of documentary evidence before the arbitrators not set forth in defendant's

brief of the testimony. This the defendant denied. The court caused evidence to be introduced before it upon this point, and held with the complainants. The defendant then amended his plea by alleging that such documentary evidence was before said arbitrators without his knowledge or consent, and prayed that the award might be set aside on that ground. The court held that this presented a question which it alone could determine, and refused to allow the issue to be submitted to a jury. This branch of the case was also decided against defendant.

The jury found for the complainants. The defendant moved for a new trial upon several grounds, and amongst them, because the court erred in refusing to submit the question as to said documentary evidence having been before the arbitrators, to the jury, and because the verdict was contrary to the evidence. The motion was overruled, and defendant excepted.

For the remaining facts, see the opinion.

THRASHER & THRASHER; BILLUPS & BROBSTON, for plaintiff in error.

A. G. & F. C. FOSTER, for defendant.

McCAY, Judge.

1. When a submission and an award, and the evidence on which the award was made, are before a court, it is simply a question of law whether the award is or is not legal. But if there be a dispute as to what was the proof, it is obviously a question of fact to determine which is right. We think, therefore, the judge, in this case, should have left it to the jury to determine what was the truth as to this dispute of fact, provided that, in the judgment of the judge, it was material. When the case was before the jury the duty of the jury was to inquire, was the evidence before the arbitrators or not? If so, ought the award to stand or not? If not, what, according to the evidence, is the true right of the parties?

2. So far as we have been able to get at the truth of this

case, from the record, we are clear there has been some mistake in this award. Mr. Foster and Judge Reese both say the Winship memoranda were used as evidence. Judge Reese says, as the basis of a general account, and Mr. Foster says the amount received from Winship did not appear in the defendant's returns. Now, if this be so, it is plain that this whole amount received from Winship was charged twice against the defendant, for it is very apparent that he *did* return to the ordinary the several sums he got from Winship. He returned each ward's share, in his return for that ward, which was proper, whilst the Winship memoranda has it together. It is strange that men generally so accurate and observant as these intelligent lawyers, should have made so gross a mistake, but unless the record is grossly deficient or false, as we have it, it seems to us incontestible that this mistake must have taken place. If no allowance at all is made to the guardian for any of his investments, the amount found (if this double charge is left out) is too large. The most of the money was Confederate currency, and he has paid the wards considerable sums, since the war, in Federal currency. Whilst we would carefully watch to prevent guardians from wasting the estates of the wards, and hold them to a strict account, yet we must always keep right and justice in our mind.

As this record presents this case we think, if this evidence was before the arbitrators and they acted upon it, they have made a mistake. They have charged Thrasher twice with the amount received from Winship.

Judgment reversed.